**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-cv-21907-JAL

ANA AMELIA GORAYEB,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

    _____/

**ORDER ON APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS**

    **THIS CAUSE** comes before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Ana Amelia Gorayeb (ECF No. 3). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), by the Honorable Joan A. Lenard, United States District Judge, to decide all pretrial matters (ECF No. 2). Upon consideration of the Motion and being otherwise duly apprised of the circumstances, Plaintiff's motion is **GRANTED**, as follows.

    Because it is fundamental to our system of justice that the courthouse doors will not be closed to persons based on their inability to pay a filing fee, a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees ... therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed in forma pauperis). Section 1915(a) requires the court to determine whether "the statements in the [applicant's]

1

affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's affidavit need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915, rather, an affidavit "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307).

Further, § 1915 requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas*, 574 F. App'x at 917. Typically, in determining in forma pauperis eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Mirabel v. Commissioner of Social Security*, No. 20-CV-24563, 2020 WL 8620037, at *1 (S.D. Fla. Nov. 6, 2020) (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)). Following consideration of the relevant factors, the Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines).

Here, Plaintiff represents in her affidavit that she is unemployed and has no source of income beyond the $1,400.00 stimulus check she received and her monthly food stamps in the amount of $192.00 (ECF No. 3). Her assets are listed as follows: Plaintiff owns a 2009 Toyota Corolla, a 2011 Nissan Altima, and she has approximately $50.00 in her checking account. *Id.* Currently, Plaintiff lives in a house rented by her two adult daughters, who pay for all household expenses. *Id.* On the basis of these facts, Plaintiff falls below the poverty guideline. *See* 85 Fed. Reg. 3060 (Jan. 17, 2020) (setting $12,760.00 as the relevant poverty guideline).

For these reasons, the Court finds that Plaintiff is unable to pay the required filing fee as required for indigent status under Section 1915. Accordingly, it is hereby **ORDERED AND ADJUGDED** that Plaintiff's Motion (ECF No. 3), is **GRANTED**. The Clerk of Court shall issue the summonses attached to the Complaint for service by the United States Marshal Service.

**DONE AND ORDERED** this 28th day of May, 2021 at Miami, Florida.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     all counsel of record